CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2018

LETTER TO COUNSEL

RE:  *Steven Lee Cunniff v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2455

Dear Counsel:

On August 26, 2017, Plaintiff Steven Lee Cunniff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Cunniff's reply. [ECF Nos. 17, 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Cunniff filed his claim for benefits on April 28, 2014, alleging a disability onset date of March 1, 2010. (Tr. 143-51). His claim was denied initially and on reconsideration. (Tr. 57-83). A hearing was held on July 22, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 30-56). Following the hearing, the ALJ determined that Mr. Cunniff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-29). The Appeals Council ("AC") denied Mr. Cunniff's request for further review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Cunniff suffered from the severe impairments of "depression, post-traumatic stress disorder (PTSD), and a substance abuse disorder." (Tr. 17). Despite these impairments, the ALJ determined that Mr. Cunniff would retain the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is limited to simple, routine tasks with only occasional interaction with co-workers, supervisors, and the public.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Cunniff could perform several jobs existing in the national economy and that, therefore, he was not disabled. (Tr. 24-25).

Mr. Cunniff makes two arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ erred in evaluating the credibility of his subjective testimony. I agree that the ALJ's evaluation of Mr. Cunniff's moderate limitation in concentration, persistence, or pace was deficient.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Cunniff had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 19-20). The analysis states:

> The claimant's recent mental status evaluations have noted some difficulties with his concentration and recent memory. However, as noted below, the vast majority of his diagnostic tests have reported no difficulties in this area. These findings largely mirror the claimant's daily activities, in which he reports being unable to pay bills, manage a savings account, or use a checkbook, not being able to pay attention, not finishing tasks he starts, and not being able to follow written and spoken instructions. Nevertheless, the claimant reports no difficulties with his personal care or performing house or yard work. He is also able to shop, use public transportation, and use a computer, and enjoys following television programming, watching sports, and reading. As each of these activities require significant amounts of concentration, persistence or pace, these abilities suggest that the claimant has moderate limitations in this area.

*Id.* (internal citations omitted). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Mr. Cunniff's case fails to fulfill these requirements. The SSA contends that the ALJ made his finding of "moderate limitations" because one "aberrational" examination showed difficulty in concentration that could impact work, but that Mr. Cunniff would be able to sustain concentration, persistence, and pace the rest of the time without additional limitations. Def. Mot. at 6. That explanation, however, was not provided by the ALJ in the opinion, and it is not readily evident to me that the ALJ espoused the SSA's current position. Additionally, the ALJ did not consider or assign weight to the opinion rendered by Mr. Cunniff's treating psychiatrist, Dr. Elizabeth Turin, as it pertained to Mr. Cunniff's mental impairments.[2] Without further analysis, then, I am unable to ascertain whether the ALJ truly believed Mr. Cunniff to have moderate difficulties in concentration, persistence, and pace, instead of mild difficulties, and how those difficulties restrict his RFC to "simple, routine tasks" with no other relevant limitations. (Tr. 21). In light of these inadequacies, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Cunniff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not evaluate whether the ALJ's analysis of Mr. Cunniff's credibility was adequate. On remand, the ALJ should consider whether additional discussion of factors pertaining to his credibility would be necessary or appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

[2] The ALJ did discuss (and decided not to adopt) Dr. Turin's opinion with respect to Mr. Cunniff's physical impairments, largely because of her "focus and expertise" as a psychiatrist. (Tr. 18). Nevertheless, he did not discuss her evaluation of Mr. Cunniff's mental functional capacity.

*Steven Lee Cunniff v. Commissioner, Social Security Administration*;
Civil No. SAG-17-2455
August 1, 2018
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                                  /s/

                                       Stephanie A. Gallagher
                                    United States Magistrate Judge